IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| STEPHANIE G. COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-4241-CV-C-WAK |
| | ) | |
| MINNESOTA LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Stephanie Collins and her husband, Bobbie J. Collins, had an accidental death insurance policy equal to the unpaid balance of their home loan. When Bobbie J. Collins died in a car accident, plaintiff sought benefits under a Certificate for Group Mortgage Accidental Death Insurance issued by Minnesota Life Insurance Company. Minnesota Life denied benefits and plaintiff filed suit on August 31, 2004, in the Circuit Court of Boone County, Missouri. Defendant removed the action to federal court, and has now filed a motion for summary judgment. Responses and replies have been filed and the matter is now ready for ruling.

### Summary Judgment Standard

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op.*, 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. *Celotex*,

477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." *Hass v. Weiner*, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. *Robinson v. Monaghan*, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

### Discussion

Plaintiff seeks payment from Minnesota Life for the amount of her unpaid loan balance with Wells Fargo Home Mortgage at the time of her husband's death in 2003. Defendant claims Bobbie Collins' death was not the result of an accident within the meaning of the policy, and thus, no benefits are payable. Defendant also asserts no benefits are payable because Bobbie Collins' death was caused by the commission of a felony and falls within an exclusion in the policy.

The undisputed facts show that in November 2003, Bobbie Collins was covered by a group mortgage accidental death policy issued to Wells Fargo Home Mortgage. Mr. Collins died on November 30, 2003, in a single car accident in Boone County, Missouri. His death certificate states that the immediate cause of his death was "blunt impacts to the head and trunk with multiple internal injuries." It reports that Collins was an "unrestrained driver of car that ran off road and struck tree." (Doc. 32, Exh. A at ML00066.) The police report of the accident indicates the passenger vehicle was off the roadway when it collided with a fixed object. The road surface was gravel, it was dark outside and there were no street lights. The road was straight and level, and alcohol was a probable contributing circumstance. (Doc. 33, Exh. 5.) No skid marks were located and the speed of the vehicle could not be determined.

2

Dori Burke, the medical investigator[1], was called to the scene.  She took photographs and called for a funeral home to respond and transport the body.  Burke drew blood and urine samples from the body after it arrived at the office of the Boone County Medical Examiner.  The specimen jars were labeled, stored in a refrigerator, and then sent to the St. Louis University Forensic Toxicology Laboratory for alcohol and full screen testing.  The lab results indicated the decedent had an ethanol alcohol level of 0.141 gm percent in his blood and an ethanol alcohol level of 0.180 gm percent in his urine.

In December 2003, plaintiff submitted a claim to defendant for accidental death benefits.  After the claim was received, defendant obtained a copy of the toxicology report, the accident report, and Mr. Collins' driving record.  Collins' driving record showed convictions for driving under the influence in 1995 and 1997.  Collins' driving record suggests that under Missouri law, he would have been classified as a "persistent offender" because he had pleaded guilty to or been found guilty of two or more intoxication-related traffic offenses within ten years of the November 2003 accident.  If he had been arrested, charged and found guilty of an intoxication-related traffic offense on November 30, 2003, based upon his condition when the final accident occurred, he would have been guilty of a Class D felony.  Mo. Ann. Stat. § 577.023 (Vernons 2003).

Based upon the above information, in February 2004, defendant notified plaintiff that her claim was being denied because the death occurred during the commission of a felony.  The relevant provision in the policy defines what accidental death means and provides certain exclusions.  One of the exclusions states that benefits will not be paid "where the insured debtor's death results from or is caused directly or indirectly by . . . (2) insured debtor's commission of a felony; . . . ."  (Doc. 31 at ML00014.)

The court finds unpersuasive defendant's argument that an automobile collision is not an accident if the driver is legally intoxicated.  The submitted statistics are too low to prove that deaths and serious accidents are the natural and probable consequence of individuals who drive with blood alcohol levels above the legal limit.  Certainly, the risk of

---

[1] Dori Burke is an investigator working for the Medical Examiner of Boone County and Callaway County, Missouri.

3

Case 2:04-cv-04241-WAK   Document 47   Filed 01/03/06   Page 3 of 5

such injuries increases with the ingestion of alcohol, but the statistics do not show that death or serious injury is probable or so likely that a collision or death, in most cases, is no longer an accident.

The court does not find the reported cases submitted by defendant to be controlling or otherwise persuasive with regard to every case in which the driver may have ingested alcohol. In individual cases there may be circumstances weighing in favor of a finding that the driver knew or should have known that a serious collision or injury would occur, but a general rule that an alcohol-related collision is no longer an accident appears unwarranted absent substantially different scientific and statistical evidence. Further, most insureds reading the insurance policy would not understand the policy to exclude traffic accidents resulting in death to the driver if the driver was legally intoxicated.

If defendant wants to exclude alcohol-related accidents from coverage under the plan, it can express it clearly in the policy so that the average purchaser can understand what coverage he or she is purchasing for the premiums paid. To do otherwise is misleading.

Defendant also seeks judgment as a matter of law on the basis that the accident occurred during the commission of a felony and falls within an exclusion contained in the policy. As stated previously, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. *Robinson v. Monaghan*, 864 F.2d 622, 624 (8th Cir. 1989). Here, there is strong circumstantial evidence suggesting that Mr. Collins was legally intoxicated at the time of his death and was committing a felony. Nevertheless, "[i]n Missouri, the burden of showing that the loss and damages are covered under the insurance policy is placed on the plaintiff; the burden of showing that there is an applicable exclusion is on the defendant insurer." *American States Ins. Co. v. Herman C. Kempker Construction Co., Inc.,* 71 S.W.3d 232, 235 (Mo. App. 2002); *Truck Ins. Exchange v. Prairie Framing, LLC*, 162 S.W.3d 64, 80 (Mo. App. 2005).

In this case, plaintiff has come forward with unrefuted evidence that Bobbie Collins died as a result of an automobile accident. Defendant has produced evidence that Mr. Collins was intoxicated and suggests that the circumstances surrounding the accident show that the only apparent cause of Collins' death was related to his driving while intoxicated.

4

Defendant states that Collins' previous convictions made his driving under the influence the commission of a felony.

Plaintiff disputes the reliability of the blood and urine tests based upon the procedures used to draw them, and claims defendant cannot prove alcohol or the commission of a felony caused Collins' death. There are genuine issues of material fact whether the evidence produced by defendant is reliable. The burden is on defendant to show that the death "resulted from" or was "caused directly or indirectly" by the commission of a felony. Whether the circumstances fall within the exclusion to the policy depends on what evidence the fact finder believes. Giving plaintiff the benefit of all reasonable inferences drawn from the facts, there are genuine issues of material fact.

Accordingly, it is

ORDERED that defendant's motion of July 14, 2005, for summary judgment is denied [31].

Dated this 3rd day of January, 2006, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge